I concur in the judgment but write separately to point out that the increasing complexity of California's system of fines, fees, and penalties has reached the point of having a negative impact on the administration of justice.
However laudable these charges may be, the patchwork nature of the ever-growing financial penalties in criminal actions has created a system that begins to match the complexity of the federal income tax. The analysis in this court's opinion today demonstrates the point. It is doubtful that criminal trial lawyers and trial court judges have the ability to keep track of the myriad of charges that now attach to criminal convictions. This case is a good example of the situation — one $10 fine generates six additional penalties, each of which is separately stated in the Penal or Government Codes. *Page 1409 
From the institutional viewpoint of the criminal justice system, the current approach is problematic. The penalties in a criminal action, including any financial penalties, should be easily identifiable. Prosecutors should be able to clearly determine the financial consequences of a case when assessing punishment and negotiating case settlements. Defense counsel should be able to clearly and concisely explain the possible financial charges to the client to ensure that when a guilty or no contest plea is entered, the defendant does so with full knowledge of its economic consequences. And trial courts should not have to search the Penal, Government, or Health and Safety Codes in an attempt to identify mandatory fines, fees, or penalties, some of which may have no logical connection to a pending case.
This is not a trifling matter. This court deals with issues surrounding the imposition of financial charges on a regular basis. Undoubtedly, the trial courts expend precious resources in attempting to properly impose the mandated penalties. The expansive criminal justice system in California generates large amounts of revenue for the state and local governments. It ought to do so in a more straightforward manner. *Page 1410